# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

MARK A. HODGES, )
)
                      Plaintiff, )
)
v. )    No. 03-5079-CV-SW-DW-SSA
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
                      Defendant. )

## ORDER

Mark Hodges seeks judicial review of the denial of his request for disability insurance benefits. See 42 U.S.C. § 401-434. Plaintiff has exhausted all administrative remedies and therefore judicial review is now appropriate. 42 U.S.C. § 405(g). After examining the parties' arguments and the administrative record, the Court affirms the Commissioner's decision.[1]

On review, the district court reviews whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2005); 42 U.S.C. § 405(g). Substantial evidence "is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion." Oberst v. Shalala, 2 F.3d 249, 250 (8th Cir. 1993). Thus, the Court will not "reweigh the evidence or review the factual record *de novo*." Naber v. Shalala, 22 F.3d 186, 188 (8th Cir. 1994). Rather, if it is possible to draw two inconsistent positions from the evidence and one of those positions represents

---

[1] The decision of the Administrative Law Judge ("ALJ") constitutes the final decision of the Commissioner when, as here, the Appeals Council denies the plaintiff's request for review.

1

the Commissioner's findings, the Court must affirm the decision. Oberst, 2 F.3d at 250.

The complete facts and arguments are presented in the parties' briefs and are repeated here only in part. Hodges asserts five separate errors in his twenty-eight pages of argument,[2] specifically that the ALJ erred by: (1) concluding that Plaintiff's spinal impairments do not meet the requirements of 20 C.F.R. pt. 404, subpart P, appdx. 1, § 1.04 Disorders of the Spine; (2) not giving "controlling weight" to the opinions of Michael Clarke, M.D.; (3) not "properly considering" Plaintiff's subjective complaints; (4) not "addressing" the testimony of Plaintiff's sister; and (5) drawing his own inferences from the medical evidence. Plaintiff's allegations of error are addressed in turn.[3]

1.  Spinal impairment

The ALJ found that Plaintiff's spinal disorder did not meet or equal any of the listed impairments for disorders of the spine. See 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04.[4] To meet

---

[2] The Court refers counsel to Local 9.1 for the format and length requirements for social security briefs filed in the Western District of Missouri.

[3] Because issues (2) and (5) concern the ALJ's treatment of Dr. Clarke's medical opinion, they will be addressed together under section 4.

[4] Listing § 1.04 provides:

Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or

B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or

C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on

Listing 1.04A, Plaintiff must show, by medically acceptable clinical and diagnostic laboratory techniques, that he had "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." Id. at § 1.04A. Despite Plaintiff's lengthy treatment of the medical evidence in his brief, not all the specified symptoms are established by medical records or opinion found therein. Plaintiff has the burden to show that his impairment meets all the requirements of § 1.04A. See Deckard v. Apfel, 213 F.3d 996, 997 (8th Cir. 2000). Because he has failed to do so, the Court finds the ALJ's determination is supported by the record.

Plaintiff further contends that the ALJ should have considered the combined limitations—spinal disorders, obesity and an impaired left knee—in his determination of whether his impairments meet or equal § 1.04. Plaintiff's argument regarding obesity relies on 20 C.F.R. Subpart P, App. 1, SSR 02-01p, which states that obesity alone or in combination with other disorders, can result in disability. However, SSR 02-02p goes on to state: "if the obesity is of such a level and it results in an inability to ambulate effectively . . . we will make a finding of medical equivalence." Notably, Plaintiff neither argues in his brief nor cites medical evidence supporting his "inability to ambulate effectively" as defined under § 1.00B. On the contrary, the medical evidence in the record definitively establishes that Plaintiff would be unable to satisfy the requirements of § 1.00B to establish a combination of impairments to support a finding of disability.

---

appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

The Court finds no error in the ALJ's determination that Plaintiff's impairment does not meet or equal any Listing.

   2.   Credibility of subjective complaints

In his decision, the ALJ found that the objective evidence did not support a finding of disability to the degree alleged by Hodges. (R. 17.) The credibility of subjective testimony is primarily for the Commissioner to decide. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). In doing so, the ALJ must give full consideration to all evidence relating to a claimant's subjective complaints including: prior work record; observations by third parties and physicians; activities; duration, frequency and intensity of pain; precipitating and aggravating factors; medication; and functional restrictions—the so-called Polaski factors. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ need not discuss each Polaski factor methodically, as long as the factors are acknowledged and considered. See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996). Where the record discloses inconsistencies between the subjective complaints and the objective evidence, an ALJ is permitted discount the weight afforded to the claimant's subjective complaints. Polaski, 739 F.2d at 1322. Finally, "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, [the reviewing court] will normally defer to that judgment." Dixon v. Sullivan, 905 F.2d 237, 238 (8th Cir. 1990).

In his written opinion, the ALJ discussed the evidence in the record related to each Polaski factor, and specifically addressed the symptoms raised by Plaintiff in his social security brief. The Court finds that the ALJ adequately considered the Polaski factors in concluding that Hodges' subjective complaints were inconsistent with the record as a whole. Furthermore, the ALJ's credibility finding was supported by the evidence he considered during his Polaski analysis.

4

Accordingly, the ALJ committed no error with regard to Plaintiff's subjective complaints.

      3.     Testimony of Plaintiff's Sister

Plaintiff contends that the ALJ failed to "properly address" this testimony. The Court disagrees. The ALJ's decision expressly considers the testimony, noting she had an interest in the case. This is a proper factor to consider in evaluating the credibility of third party testimony. See Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993). Even so, the ALJ stated that *even if true*, her testimony that Plaintiff is unable to perform household duties and spends much of the day lying down "does not outweigh the reports of treating and examining physicians that he can do substantially more." (Tr. 18.) The Court finds that the ALJ properly considered the credibility of the testimony of Plaintiff's sister in light of the record as a whole.

      4.     Dr. Clarke's medical opinion

Plaintiff argues that the ALJ erred by not giving controlling weight to the opinion of Dr. Clarke. Specifically, Plaintiff argues that the ALJ's finding of fact did not include one of Dr. Clarke's functional limitations—the five minute rest requirement. Alternatively, Plaintiff argues that the ALJ impermissibly substituted his own opinion for that of Dr. Clarke by rejecting the five minute rest limitation. The Court disagrees on both points.

Responsibility for the final determination of disability lies with the Commissioner. See Nelson v. Sullivan, 946 F.2d 1314, 1316-17 (8th Cir. 1991) ("While we recognize that the treating physician is entitled to particular deference, his statements as to the ultimate issue of disability are not controlling."). Although no medical evidence in the record may be disregarded, the ALJ may properly discount medical opinion that is inconsistent with, or contradicted by, other evidence in the record. See Weber v. Apfel, 164 F.3d 431 (8th Cir. 1999).

5

To the extent that Plaintiff's asserts that Dr. Clarke's opinion should have dictated the final determination of disability by the ALJ, he is incorrect. (See Pl. Br., p. 60) ("when a board certified specialist in orthopedic surgery states, 'This man definitely has a bad back condition . . . X rays are fairly dramatic and need to be reviewed to fully appreciate his condition' (Tr. 147), there can be no question as to the nature, extent, and severity of Mr. Hodges' severe and disabling spinal condition."). In his decision, the ALJ acknowledged the extent of Plaintiff's back condition. (Tr. 14) ("The medical evidence shows the claimant has lumbar degenerative disc disease and obesity. These impairments are not slight and have more than a minimal effect on the claimant's residual functional capacity."). The ALJ also stated that the opinion of Dr. Clarke is entitled to "considerable weight" and "must take precedence" over other non-treating physician medical opinions. A review of the record indicates that the ALJ gave precedence to Dr. Clarke's opinion over any conflicting medical opinion in the record. Specifically, in his findings of fact, the ALJ adopted all but one of Dr. Clarke's functional limitations—rejecting those inconsistent limitations offered by other physicians. (Tr. 19) ("to the extent that [other physician's opinions] may be inconsistent, Dr. Clarke's assessment must take precedence."). Notably, the ALJ's rejection of the five minute rest requirement was not based on conflicting medical opinion of other physicians in the record. In his decision, the ALJ explained that the five minute rest limitation was ambiguous, in that it not well-explained and not supported in Dr. Clarke's progress notes. (Tr. 19.) The Court finds the ALJ's rejection of the five minute rest requirement is substantially supported by the record.

6. Conclusion

After careful examination of the record—including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and documentary evidence—the Court concludes that the

6

Case 3:03-cv-05079-DW   Document 22   Filed 11/14/05   Page 6 of 7

ALJ's final determination is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's applications for benefits is AFFIRMED.

IT IS SO ORDERED.

/s/ DEAN WHIPPLE
Dean Whipple
United States District Court

Date:  November 14, 2005